ROBERT HESS (SBN 178042)
rhess@maynardcooper.com
KAREN T. TSUI (SBN 305869)
ktsui@maynardcooper.com
MAYNARD COOPER & GALE LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone:   310-596-4500

Attorneys for Defendant
United of Omaha Life Insurance Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GOLDSWORTHY,<br><br>Plaintiff,<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:22-at-00595<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Complaint Filed:  March 30, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant United of Omaha Life Insurance Company (hereafter, "Defendant") hereby removes to this Court the action commenced on March 30, 2022 in the Superior Court of the State of California, County of Tuolumne, titled *Gary Goldsworthy v. United of Omaha Life Insurance Company*, Case No. CV64442. Removal of this action is proper for the following reasons:

1. This lawsuit alleges breach of an insurance contract and breach of the covenant of good faith and fair dealing (*i.e.*, "bad faith") against Defendant. Plaintiff Gary Goldsworthy (hereinafter "Plaintiff") alleges that he was covered under a long term disability income policy (the "Policy") issued by Defendant. Complaint, ¶4. Plaintiff alleges that he became disabled as defined by the Policy and thus submitted a claim for Policy benefits (*id*. at ¶7), and further alleges that Defendant "refused to make payments beyond 24 months" and "limited Plaintiff's benefits to 24 months on the basis that his condition came under the limited disability benefits provisions of the Policy." Complaint, ¶¶8, 19(a). Plaintiff alleges that Defendant's refusal to pay him benefits beyond 24 months constitutes a material breach of the Policy. Complaint, ¶13. Plaintiff also alleges Defendant refused and failed to act in good faith and deal fairly with Plaintiff, and thereby acted in violation of the covenant of good faith and fair dealing. ¶¶17-19.

**TIMELINESS**

2. On May 10, 2022, Defendant first received a copy of the Summons and Complaint filed in Tuolume County Superior Court. True and correct copies of those documents received by Defendant are attached hereto as Exhibit "A."

3. This removal is timely under 28 U.S.C. § 1446(b) because removal is sought within 30 days after receipt of the Summons and Complaint by Defendant.

**JURISDICTION AND JURISDICTIONAL AMOUNT**

4. This is a civil action (involving a dispute between Plaintiff and Defendant concerning Plaintiff's claim for disability benefits under the Policy) of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the

provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

5. Plaintiff alleges that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332 "because the matter in controversy exceeds the sum or value of $75,000.00, and is between citizens of different states." Complaint, ¶ 1. 28 U.S.C. § 1446(c)(2) provides that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

6. Defendant is informed and believes that Plaintiff is, and at all relevant times was, a resident and citizen of the State of California.

7. A corporation's state of citizenship is both the state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. section 1332(c). Defendant is, and at all relevant times was, a corporation organized and existing under the laws of the State of Nebraska. Defendant was incorporated in Nebraska, and Defendant's principal place of business is in Nebraska. Accordingly, at the time of the filing of this Notice of Removal, Defendant was and is a citizen of the State of Nebraska.

8. Plaintiff further alleges that venue is appropriate within the "Eastern District of California pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district." Complaint, ¶ 2

9. Thus, this Court has jurisdiction because the amount in controversy exceeds $75,000 and complete diversity exists between the parties.

**PROCESS**

10. Pursuant to 28 U.S. C. § 1446, true and correct copies of all process, pleadings and orders in Tuolumne County Superior Court received by Defendant are included in the documents attached hereto as Exhibit "A." These documents are described as follows: Summons; Complaint; Tuolumne County Superior Court Memorandum dated May 20, 2021; Civil Case Cover Sheet; Delay Reduction Program Information and Setting; ADR Information Packet; Clerk's Entry of

1  Default. Defendant is informed and believes that Exhibit "A" constitutes all pleadings and orders
2  from the Tuolumne County Superior Court it has received.

3       11.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing and upon receipt of the
4  assigned United States District Court case number, Defendant shall give written notice hereof to all
5  adverse parties and shall file a copy of this notice with the Clerk of the Superior Court of California
6  for the County of Tuolumne in accordance with California Rules of Court, Rule 3.650.

8       WHEREFORE, Defendant prays that the above action pending in the Superior Court of
9  California for the County of Tuolumne be removed from that court to this Court.

DATED:   June 8, 2022                    MAYNARD COOPER & GALE LLP

                                                By: /s/ *Karen T. Tsui*
                                                   KAREN T. TSUI
                                                   ROBERT E. HESS
                                                   Attorneys for Defendant
                                                   United of Omaha Life Insurance Company

# PROOF OF SERVICE

*Gary Goldsworthy v. United of Omaha Life Insurance Company*

**Case No. 2:22-at-00595**

(STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within actions; my business address is Two Embarcadero Center, Suite 1450, San Francisco, CA 94111.

On **June 8, 2022**, I served the document(s) entitled **DEFENDANT'S NOTICE OF REMOVAL** on the interested parties in this action as stated below**:**

**SEE ATTACHED SERVICE LIST**

☑ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **June 8, 2022**, at San Francisco, California.

/s/ *Brian Recinos*
Brian Recinos

PROOF OF SERVICE

**SERVICE LIST**

*Gary Goldsworthy v. United of Omaha Life Insurance Company*

**Case No. 2:22-at-00595**

Constantin V. Roboostoff
William B. Reilly
ROBOOSTOFF & KALKIN
369 Pine Street, Suite 820
San Francisco, CA 94104
Telephone: 415-732-0282
Facsimile:  415-732-0287
cvr1@earthlink.net
bill@williambreilly.com

*Attorneys for Plaintiff Gary Goldsworthy*